**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

JOSHUA HALTOM,                    )
                                  )
                  **Plaintiff,**  )
                                  )        **No. 1:24-cv-01215-STA-jay**
v.                                )
                                  )
CITY OF HENDERSON, TENNESSEE      )
POLICE DEPARTMENT,                )
                                  )
                  **Defendant.**  )

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(ECF NO. 49)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 24)
ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 57)
ORDER DENYING PLAINTIFF'S REMAINING MOTIONS AS MOOT
ORDER ON APPELLATE ISSUES**

---

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 49) that the Court grant Defendant City of Henderson, Tennessee Police Department's Motion to Dismiss (ECF No. 24). Plaintiff Joshua Haltom has filed twenty-nine (29) different papers with the Court since the Magistrate Judge issued his report and recommendation, only two of which mention the word "objections." On May 15, 2025, Plaintiff filed a document styled as "Plaintiff's Response to Defendant's Report and Recommendation and Motion for a Public Hearing" (ECF No. 51). On May 21, 2025, Plaintiff filed another document styled as "Plaintiff's Urgent Plea to the Honorable Thomas Anderson to Reject the Magistrate's Report and Recommendation and to Strike/Deny Defendant's Motion to Dismiss" (ECF No. 56). Plaintiff also filed Objections to Proposed Findings of Fact and Conclusions of Law Regarding Officers' Knowledge of Plaintiff's Religion and Disability (ECF No. 79) but on June 24, 2025, far outside the 14-day time limit to

object to the report and recommendation.[1]  Because the Court rejects the objections Plaintiff did preserve in these papers, the Magistrate Judge's report and recommendation is **ADOPTED**, and Defendants' Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Joshua Haltom, who is representing himself, filed this action for the alleged violation of his constitutional rights.  Pursuant to Administrative Order 2013-05, this case was assigned to the Magistrate Judge for the management of all pretrial matters, including the determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters.  The Magistrate Judge surmised from the Pro Se Complaint and a series of other papers filed by Plaintiff the following background facts, which he included in his report and recommendation and to which Plaintiff has not filed a specific objection.  The Court therefore adopts the Magistrate Judge's construction of the pleadings as the findings of the Court.

### I.    Factual Background

On April 19, 2024, the Plaintiff and his mother were stopped in their vehicle by the City of Henderson, Tennessee, Police Department ("Henderson Police Department") for "crossing the right line" of the roadway. ECF No. 9-3; ECF No. 17 at 1, PageID 73; ECF No. 33 at 1, PageID 217.  Plaintiff apparently presented the officers with a "clergy ID" that was not issued by the State of Tennessee and appears to have been issued by "Haltom Family Ministries and Consultants." Pro Se Compl. 1–2 (ECF No. 1-1).  Plaintiff received traffic citations for this incident. *Id.* at 2.

---

[1] More recently, Plaintiff filed a document titled "Clear Report and Recommendations" (ECF No. 89) on July 12, 2025.  In addition to being untimely, the paper consists of an outline rather than a prose format, listing points about Plaintiff's status as ambassador and his plea for "divine reconciliation."

Plaintiff alleges that during the traffic stop, law enforcement officers "escalated tensions through excessive force, resulting in physical injury to [Plaintiff's] mother and her wrongful arrest." ECF No. 33 at 2, PageID 218; *see* ECF No. 17 at 1, PageID 73. Halton's mother is not a party to the action.

Next, on May 6, 2024, Plaintiff's wife, Lady Lyn Haltom ("Mrs. Haltom"), was stopped in a vehicle bearing a self-printed license plate, reading "1611 - KJV - NOT FOR COMMERCIAL USE - Clergy" (hereinafter "the License Plate"). ECF No. 12 at 1, PageID 58; *see* ECF No. 21 at 4, PageID 87 (picture of license plate provided by Plaintiff). Plaintiff alleges that Officer Norwalk of the Henderson Police Department seized the License Plate without due process or Mrs. Haltom's consent. *Id*. Mrs. Haltom is also not a party to the action.

According to a statement submitted by Plaintiff, but authored by Mrs. Haltom, both the Plaintiff and Mrs. Haltom attended traffic court on June 19, 2024, to dispute their traffic citations. ECF No. 9-2 at 1. Plaintiff has not clearly alleged what occurred during the traffic court. The Magistrate Judge drew several inferences from Mrs. Haltom's statements. Judge Sherrod who is not named as a Defendant in the Pro Se Complaint presided over the Haltoms' case. *Id.* at 1–2; ECF No. 24-1 at 1, PageID 95. When Plaintiff rose to address the court about the citations, Plaintiff requested that the police return the License Plate, which Plaintiff described as "personal property and a symbol of [] religious identity" and "personal conviction." ECF No. 9-2 at 2. Judge Sherrod allegedly asked court personnel about the whereabouts of the License Plate and received an inconclusive response. *Id*. at 2. Plaintiff then had a brief verbal exchange with a uniformed police officer. *Id*. Plaintiff reportedly stated that he needed the License Plate and would place it back on his vehicle. *Id*. The police officer allegedly said something to the effect of "if you put that back,

3

we will pull you over." *Id*. Plaintiff apparently approached the bench to return a "pink paper" (presumably the citation) and to retrieve the License Plate. *Id*. at 2–3. Judge Sherrod then issued a $125 penalty for the traffic ticket, plus two $50 contempt penalties. *Id*.

On October 2, 2024, Plaintiff filed a Pro Se Complaint using the form for complaints for the violation of civil rights based on 42 U.S.C. § 1983. The Pro Se Complaint named the City of Henderson, Tennessee Police Department as the only Defendant, though the pleading does reference individual police officers employed by the City of Henderson. Plaintiff alleged that "[a]gents for [the Henderson Police Department] were given my lawful Clergy ID when they requested ID but all refused numerous times, given notice in court (sic) to which unfair trial were ignored." Pro Se Compl. 2. Officers allegedly seized Plaintiff's "property unlawfully, demanding fees for allegations that are contrived, commercial profit pursuits" without Plaintiff's consent. *Id*. The officers "also caused my licenses to be suspended on account of bogus scheme of lies." *Id*. The Pro Se Complaint appeared to assert a claim for the deprivation of "religious freedom" and a violation of the Americans with Disabilities Act ("ADA"). *Id*. at 3. In his prayer for relief, Plaintiff demanded an acknowledgment of his "lawful ID and evidence of law" and compensation for "my family's account for pain and suffering and [] deprivation of rights" in the amount of "2 million USD or troy silver." *Id*.

## II.    Procedural History

Upon filing his Pro Se Complaint, Plaintiff paid the civil filing fee and caused summons to issue. According to a return of service (ECF Nos. 6, 7) filed with the Court on October 23, 2024, Plaintiff effected service on the Henderson Police Department on October 7, 2024. When the Henderson Police Department did not file a timely answer, the Magistrate Judge issued an order

(ECF No. 8) explaining entry of default under Rule 55(a) and directing the Plaintiff to show cause why his claims against the Henderson Police Department should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).  On November 25, 2024, Plaintiff filed a notice (ECF No. 9) with seven (7) documents purportedly supporting his claim.

The Magistrate Judge found that Plaintiff's notice was insufficient under Rules 41(b) and 55 and so issued a second order (ECF No. 10) requiring Plaintiff to show cause as to why his claims against Defendant should not be dismissed for failure to prosecute.  Plaintiff responded by filing eight (8) more documents, none of which requested entry of default.  *See* ECF Nos. 11, 12, 15–21.  Soon thereafter, counsel entered notices of appearance (ECF Nos. 13, 14) on behalf of "all Defendants," even though Plaintiff named only the "the City of Henderson Police Department" as a Defendant in the Pro Se Complaint and only caused summons to issue as to this Defendant.  The Magistrate Judge found that Plaintiff "demonstrate[d] his intent to move forward with this case, despite confusion" and ordered (ECF No. 22) the Henderson Police Department to show cause why default should not be entered against them.  Defendant and the other individuals named in Plaintiff's various papers responded by filing a response to the show cause order and a Motion to Dismiss.  For the sake of clarity, the Court will refer to "Defendants," though the Court emphasizes only the City of Henderson Police Department is named as a Defendant in the Pro Se Complaint.

Defendants have construed Plaintiff's Pro Se Complaint (and his other filings) to raise several claims, all of which Defendants argue the Court should dismiss for failure to state a claim. The Magistrate Judge has summarized Defendants' arguments in his report.  In the absence of any specific objection to that portion of the Magistrate Judge's report, the Court now adopts the Magistrate Judge's summary of the arguments as the findings of the Court.

First, Defendants argue that the First Amendment bars courts from considering "church doctrine or ecclesiastical law" as part of its determination of this matter.  Mot. to Dismiss 3 (ECF No. 24-1, PageID 97) (citing *Serbian E. Orthodox Diocese for U.S & Can. v. Milivojevich*, 426 U.S. 696, 724–25 (1978))).  Next, Defendants argue that the Pro Se Complaint fails to state the essential elements of a barratry claim because Plaintiff has not alleged that Defendants "stir[red] up baseless litigation."  *Id.* at 3–4.  As for the alleged violation of Plaintiff's constitutional rights, the Pro Se Complaint fails to state a claim against the City of Henderson Police Department because police departments "are not legal entities capable of being sued."  *Id*. at 4 (citing *Taylor v. City of Jackson*, No. 12-1221, 2013 WL 5781680 (W.D. Tenn. Oct. 24, 2013) (citation cleaned up)). To the extent the Court construes the claims against the Henderson Police Department as claims against the City of Henderson, Defendants argue that "[m]unicipalities are not liable under § 1983 merely because they employ tortfeasors[,]" and Plaintiff "has not alleged any facts from which this Court could reasonably infer that the City of Henderson, Tennessee, had a policy, custom, or procedure that caused a violation of [his] civil rights."  *Id.* at 4–5 (citation omitted).  To the extent that the Pro Se Complaint invokes the Uniform Commercial Code, Plaintiff has not alleged any purported violation of a sales or commercial transaction.  *Id.* at 9.

Concerning the License Plate, Defendants note that Plaintiff's willful violation of Tennessee's car registration and license plate laws means that "he has no cause of action for his failure to display a properly issued license plate."  *Id*. at 5 (citing Tenn. Code Ann. §§ 55–4–101, 55–5–114(d)).  Similarly, Plaintiff "does not have a First Amendment right to display an unapproved license plate of his own creation" and confiscating the License Plate "did not violate

the free exercise clause" because Defendants did not interfere "with the practice of his religion."
*Id.* at 5–6.

Regarding immunity, Defendants argue that Judge Sherrod and the individual officers are all immune from the claims alleged. Judge Sherrod has absolute immunity because "[i]t is well established that Judges enjoy judicial immunity from suits arising out of the performance of their judicial duties." *Id.* at 6 (citing *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)). Defendants note that Plaintiff's allegations against Judge Sherrod are derived from Mrs. Haltom's statement and not the pleadings. The statement clearly "show[s] that Judge Sherrod was presiding over the court and [Plaintiff]'s dealings with [Judge Sherrod] were part of the adjudicatory process." *Id.* at 6–7. Defendants argue that Plaintiff cannot bring the claims against the individual officers under § 1983, as the officers each assert qualified immunity. *Id.* at 7–9. Under Sixth Circuit precedent, Defendants claim that the officers should be found immune because Plaintiff has not alleged with specificity that the individual officers violated a clearly established constitutional right. *Id.* at 9.

The Magistrate Judge noted in his report that Plaintiff filed a series of papers in response to Defendants' Motion to Dismiss. The Magistrate Judge has summarized the filings as notices for submission of evidence, motions regarding production of evidence by Defendants, and motions to strike. *See* generally ECF Nos. 25, 27–29, 33–36, 38– 42, 44, 46, 48. Other filings include Plaintiff's attempts to provide additional evidence in the form of radio broadcasts, Bible verses, letters to the Mayor of Henderson, Vatican law, and screenshotted conversations with Artificial Intelligence programs. *See* generally ECF Nos. 25, 27–29, 33–36, 38–42, 44, 46, 48. Nearly all motions and filings have, to some degree, been opposed by Defendants as premature, frivolous, or

otherwise irrelevant to the case at its current stage. *See* generally ECF No. 26, 30, 32, 37, 43, 45, 47.

The Magistrate Judge identified one brief as a specific response to the arguments raised in Defendants' Motion to Dismiss, Plaintiff's Notice of Filing Rebuttal to Attorney Conders Statement and Second Motion for Dismissal by Joshua Haltom (ECF No. 27). Plaintiff also filed a "Memorandum in Support of Opposition to Motion to Dismiss" (ECF No. 31). According to the report and recommendation, this filing was quite different from Plaintiff's other filings in that it refers to the Plaintiff in the third person, presents Mrs. Haltom's narrative of the Haltoms' appearance in traffic court, provides additional details regarding Plaintiff's alleged disability, and presents new legal arguments for the first time. The document is signed by "Lady Lyn C. Haltom" along with "Joshua Adam Haltom" in a separate signature block. *Id.* The Magistrate Judge, reading the memorandum in context with other filings, determined that the paper was authored, argued, and signed by Mrs. Haltom, not Plaintiff. *Id.* Defendants objected to the exhibits provided and the memorandum itself on several grounds, including the fact that Plaintiff who is not an attorney could not represent his spouse who is also not an attorney. ECF No. 32 (citing *Jackson v. Law Firm of O'Hara*, 875 F.2d 1224, 1228–29 (6th Cir. 1989)).

The Magistrate Judge has recommended that the Court grant Defendants' Motion to Dismiss for largely the reasons argued in the Motion. Subsequent to the Magistrate Judge issuing his report and recommendation, Plaintiff has filed a series of papers with the Court:

- Notice to Defense Counsel Regarding Improper Use of Derogatory Terminology (ECF No. 50, filed May 14, 2025; corrected at ECF No. 52 & 53, filed May 18, 2025);

- Plaintiff's Response to Defendant's Report and Recommendation and Motion for Public Hearing (ECF No. 51, filed May 15, 2025);

8

- Response to Defense Regarding Barratry, Personage Claims, and Desired Resolutions (ECF No. 54, filed May 19, 2025);

- Plaintiff's Urgent Plea to the Honorable Judge Thomas Anderson to Reject the Magistrate's Report and Recommendation and to Strike/Deny Defendant's Motion to Dismiss (ECF No. 56, filed May 21, 2025);

- Motion to Amend Complaint (ECF No. 57, filed May 22, 2025);

- Motion for Clarification – Sui Juris (ECF No. 58, filed May 27, 2025);

- Notice of Threats, Duress, and Coercion (ECF No. 59, May 27, 2025);

- Motion to Admit Circumstantial Evidence: The Spiritual Roots of Constitutional Violations in Haltom v. City of Henderson TN Police Department (ECF No. 62, May 29, 2025);

- Plaintiff's Motion to Overrule Defendant's Objections to Plaintiff's Motion to Admit Circumstantial Evidence (ECF No. 65, filed May 31, 2025);

- Motion to Admit Circumstantial Evidence: The Spiritual Roots of Constitutional Violations in Haltom v. City of Henderson TN Police Department (ECF No. 66, filed May 31, 2025);

- Plaintiff's Notice of Clarification Regarding Jury Waiver (ECF, 20) and Confidence in Judicial Review (ECF No. 67, filed June 3, 2025);

- Motion for Diplomatic Resolution in Haltom v. City of Henderson TN Police Department  (ECF No. 72, filed June 6, 2025);

- Notice of Judicial Default and Demand for Summary Judgment in Favor of Plaintiff (ECF No. 73, filed June 8, 2025);

- Notice to the Court of Defendant's Posture in Haltom v. City of Henderson TN Police Department (ECF No. 75, filed June 12, 2025);

- Plaintiff's Motion to Strike Defendant's Motion to Dismiss or in the Alternative Deny Defendant's Motion to Dismiss (ECF No. 76, filed June 13, 2025);

- Plaintiff's Notice to the Court of Defendant's Confusional Tactics and Improper Allegations of Untimeliness (ECF No. 78, filed June 16, 2025);

- Objections to Proposed Findings of Fact and Conclusions of Law Regarding Officers' Knowledge of Plaintiff's Religion and Disability (ECF No. 79, filed June 24, 2025);

- Memorandum of Law in Support of Plaintiff's Opposition to Defensive Procedural Gamesmanship and Demand for Judicial Oversight (ECF No. 80, filed June 24, 2025);

- Notice of Correction to Memorandum of Law in Support of Plaintiff's Opposition to Defensive Procedural Gamesmanship and Demand for Judicial Oversight (ECF No. 81, filed June 24, 2025);

- Notice – Addendum – Halton – Concerning Patterns of Disconnect, Dismissal, and the Pursuit of Mutuality (ECF No. 83, filed June 27, 2025);

- Plaintiff's Motion for Judicial Notice and Public Declaration (ECF No. 84, filed June 30, 2025);

- Plaintiff's Motion for Judicial Notice and Public Declaration (ECF No. 85, filed July 1, 2025);

- Notice of Diplomatic Responsibility (ECF No. 86, filed July 6, 2025);

- Clarification – A Letter to Mayor Terry Bell (ECF No. 88, filed July 9, 2025);

- Clear Report and Recommendation (ECF No. 89, filed July 12, 2025);

- Plaintiff's Motion to Compel Discovery and Verification of Oaths of Office (ECF No. 90, July 18, 2025); and

- Plaintiff's Notice to the Court on the Theological Foundation of Jurisdiction and the Divine Origin of Sovereignty (ECF No. 91, filed July 21, 2025).

The Court addresses Plaintiff's filings below.

## **STANDARD OF REVIEW**

The Magistrate Judge has recommended that the Court grant Defendants' Motion to Dismiss. In deciding a Rule 12(b)(6) Motion to Dismiss, the Court must treat all of the well–pleaded allegations of the pleadings as true and construe all of the allegations in the light most

favorable to the pleading party. *Elec. Merchant Sys. LLC v. Gaal*, 58 F.4th 877, 882 (6th Cir. 2023) (citing *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019)). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Fisher v. Perron*, 30 F.4th 289, 294 (6th Cir. 2022) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "(1) a short and plain jurisdictional statement, (2) a short and plain statement of the claim, and (3) an explanation of the relief sought." Fed. R. Civ. P. 8(a). "That's it. By listing these elements, Rule 8 implicitly 'excludes other requirements that must be satisfied for a complaint to state a claim for relief.'" *Gallivan v. United States*, 943 F.3d 291, 293 (6th Cir. 2019) (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 10, at 107 (2012) (other citation omitted). Rule 8's notice pleading standard does not require "detailed factual allegations." *Iqbal*, 556 U.S. at 681.

However, Rule 8 does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "Although the rule encourages brevity," a plaintiff must nevertheless "say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (citing *Dura Pharm. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)). "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Iqbal*, 556 U.S. at 687. In order to state a claim for relief, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

11

U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This means, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Smith v. Gen. Motors LLC*, 988 F.3d 873, 877 (6th Cir. 2021) (citing *Boland v. Holder*, 682 F.3d 531, 534 (6th Cir. 2012)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) ("A complaint must contain enough 'factual matter' to raise a 'plausible' inference of wrongdoing.") (quotation omitted).

"Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly

charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## ANALYSIS

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151. "As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to [the Court of Appeals] if it fails to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Arn*, 474 U.S. at 147-50).

## I.    The City of Henderson's Motion to Dismiss

As is evident from the Court's recitation of the procedural history of the case, Plaintiff has submitted a volume of papers in support of his claims, including twenty-nine (29) different documents filed after the Magistrate Judge submitted his report and recommendation. Among those filings only four different papers purport to object to (or even mention) the Magistrate Judge's report and recommendation, and two of those were untimely and failed to preserve any objections to the report and recommendation. In Plaintiff's Response to Defendant's Report and

13

Recommendation and Motion for Public Hearing (ECF No. 51), Plaintiff requests a public hearing to address whether default judgment is warranted for Defendants' failure to file an answer. Plaintiff also states that Defendants have not responded to his requests for discovery.  Plaintiff maintains that Motu Proprio, which Plaintiff does not explain further, is relevant to his case. Finally, Plaintiff defends the legitimacy of his identification document, a photocopy of which Plaintiff has attached to his paper (ECF No. 51-1).  The photocopy shows a smaller document, which is entitled an "International Clergy Identification Card."  The card identifies Josiah Haltom, who is apparently the same person as Plaintiff Joshua Haltom, as an "Ambassador" of the "Temple of Life and Light, Haltom Family Ministries and Consultants."  The card includes the following declaration:

> I, Josiah Adam Haltom, The Clergy Minister for the Temple of Light and Life by self-determination and ordination Declare Myself a legal Living, Breathing Man operating Under the Divine Law and Will of God.  The Pure Cambridge Authorized 1611 King James Version of the Bible is my evidence of Law.  I am NOT a corporate entity dealing in commerce requiring a license of any kind.  I travel by RIGHT not by Privilege.  Anything you say or do in violation of my Rights, can and will be used against you under the Common and Ecclesiastical Law.

The card goes on to make a number of additional claims about the correct interpretation of the Free Exercise Clause of the First Amendment, the Religious Freedom Restoration Act, Federalist No. 78, the Social Security Act, and the Foreign Sovereign Immunities Act.

In Plaintiff's Urgent Plea to the Honorable Judge Thomas Anderson to Reject the Magistrate's Report and Recommendation and to Strike/Deny Defendant's Motion to Dismiss (ECF No. 56), Plaintiff describes the filing as a supplement to his Response (ECF No. 51).  First, Plaintiff asserts that the report and recommendation "fails to adequately address egregious constitutional violations and misapplies the law."  Pl.'s Urgent Plea 2.  Plaintiff then proceeds to

14

restate his factual allegations about the traffic stop and the officers' refusal to recognize the legitimacy of Plaintiff's clergy identification card.  Plaintiff argues that he has satisfied the *Iqbal* pleading standard.  Second, Plaintiff restates his argument that Defendants have not filed a timely answer to the Complaint and have not produced discovery.  Plaintiff "vigorously dispute[s]" Defendants' position that the filing of their Motion to Dismiss tolled the time for Defendants to file an answer.  Because Defendants have not met their discovery obligations, Plaintiff argues that the Magistrate Judge's recommendation to deny the discovery-related motions is erroneous.  Third, Plaintiff argues that the concept of Motu Proprio is the source of an inherent authority possessed by the Court to uphold justice.  Plaintiff argues that under the Supreme Court's decision on *Bond v. United States*, he has the fundamental right to be free from unreasonable searches and seizures. Finally, Plaintiff renews his request for a public hearing and "restorative justice."

The Court holds that none of the points raised in these two papers articulates a specific objection to the Magistrate Judge's recommended disposition of the case.  The Sixth Circuit has held that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency.  *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Although Plaintiff asserts that the Magistrate Judge misapplied the law, Plaintiff's briefs do not zero in on any specific issue of contention related to the Magistrate Judge's reasoning about Defendants' Motion to Dismiss.  Even reading the briefs liberally, Plaintiff doubles down and simply reiterates a series of unorthodox premises on which his case rests.  Taken as a whole, Plaintiff's overly long memoranda are nothing more than a general objection to the Magistrate Judge's recommendation.

As already noted, the Court need not review any recommendation to which no specific objection is made. *Arn*, 474 U.S. at 150.

> A general objection to the entirety of the magistrate [judge]'s report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard*, 932 F.2d at 509 (citing *Arn*, 474 U.S. at 148). To the extent that most of the points made in Plaintiff's memoranda fail to raise specific and focused objections, the Court declines to comb through Plaintiff's briefs or any of the other documents filed by Plaintiff and attempt to divine each and every possible objection to the Magistrate Judge's report and recommendation Plaintiff might have raised. Therefore, the Court holds that Plaintiff has failed to show with specificity which conclusion in the report and recommendation the Court should reject.

To the extent that Plaintiff did attempt to preserve any specific objection to the report and recommendation, the points raised by Plaintiff do not show why the Court should not grant Defendants' Motion to Dismiss. Plaintiff's primary argument seems to be that Defendants have not filed a timely answer or responded to Plaintiff's discovery requests. But Plaintiff's contention lacks merit. First and foremost, the Pro Se Complaint names only one Defendant and Plaintiff has served only one Defendant with summons and the complaint, the City of Henderson Police Department. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."); Fed. R. Civ. P. 4(b) ("A summons—or a copy of a summons that is addressed to multiple

16

defendants—must be issued for each defendant to be served."). Plaintiff served the City of Henderson, the only Defendant named in the original Pro Se Complaint, with a summons and copy of the complaint on October 7, 2024. *See* Proof of Service 2 (ECF No. 6) (showing a blurred page with the date of October 7 or 8, 2024, handwritten on the proof of service page).

Generally speaking, a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). When more than 21 days passed without Defendant filing an answer or entering an appearance, the Magistrate Judge ordered Plaintiff to show cause why the case should not be dismissed for Plaintiff's failure to prosecute. The Magistrate Judge's order cited Rule 55(a) and explained the procedure for obtaining entry of default against a non-responding defendant. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Rather than moving for entry of default in accordance with Rule 55(a), Plaintiff filed a number of other papers, none of which had the effect of prosecuting the case against the City of Henderson. As a result, the Magistrate Judge issued a second show cause order and once more explained how Plaintiff could prosecute his case by obtaining entry of default against Defendant under Rule 55(a). Plaintiff again responded to the show cause order by filing other papers about the merits of his case but without requesting entry of default. A short time later, counsel for Defendant entered a notice of appearance and ultimately filed the Motion to Dismiss. In short, Plaintiff had the opportunity to obtain an entry of default against the City of Henderson but failed to do so before Defendant acted to defend itself against Plaintiff's claims. Now that the City of Henderson (and other parties mentioned in the record) have moved to dismiss Plaintiff's claims

17

against them, Plaintiff's request for the Court to convene a public hearing and consider default judgment simply comes too late.

Furthermore, the filing of Defendant's Motion to Dismiss, even though filed late, tolls the City of Henderson's deadline to file its answer to the Pro Se Complaint. Rule 12(b) requires a defendant to raise certain defenses by motion *before* filing its responsive pleading. Fed. R. Civ. P. 12(b). Serving a motion to dismiss under Rule 12(b) alters the time for filing a responsive pleading. Fed. R. Civ. P. 12(a)(4). A defendant must file its responsive pleading within 14 days of the Court's ruling on a motion to dismiss. *Id.* Because the Court adopts the Magistrate Judge's recommendation and holds that the Pro Se Complaint fails to state a plausible claim for relief, Defendants are not required to answer the claims of the Pro Se Complaint. Therefore, Plaintiff's assignment of error is not a justification for denying Defendant's Motion to Dismiss.

The only other issue raised in his Plaintiff's objections concerns the Magistrate Judge's conclusion that granting Defendants' Motion to Dismiss rendered any requests or motions for discovery moot. Plaintiff counters that Defendants have a duty to produce discovery before the Court can dismiss his claims. But that gets the correct procedure backwards. Plaintiff has no right to propound discovery prior to conferring with Defendant about a discovery plan. Fed. R. Civ. P. R. 26(d) (stating that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" regarding a plan for discovery and other case management deadlines). What is more, Defendants have the right to test the sufficiency of Plaintiff's pleadings before being required to participate in the discovery process. Rule 8's notice pleading standard and Rule 12(b)'s defenses allow a defendant to move for dismissal of a case before any discovery has occurred. "[F]ederal courts will not 'unlock the doors of discovery' for a fishing expedition

based on a plaintiff's speculative assertions." *Changizi v. Dept. of Health and Human Servs.*, 82

F.4th 492, 498 (6th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678–79). Plaintiff's contention then that

he is somehow entitled to discovery before the Court reaches the merits of Defendants' Motion to

Dismiss is unfounded.

Based on its *de novo* review of the Magistrate Judge's report and recommendation and

Plaintiff's objections, though largely lacking in specificity, the Court **ADOPTS** the Magistrate

Judge's report and recommendation and **GRANTS** the Motion to Dismiss.

## II. Motion to Amend Complaint (ECF No. 57)

This just leaves Plaintiff's request to amend his pleadings. On May 22, 2025, after the

Magistrate Judge had issued his report and recommendation, Plaintiff filed a Motion to Amend

Complaint (ECF No. 57). In point of fact, the Motion is not a "request for a court order" at all but

purports to be the amended pleading itself. Fed. R. Civ. P. 7(b) ("A request for a court order must

be made by motion."). The document has all the hallmarks of a pleading: the naming of the parties,

a statement on jurisdiction and venue, factual allegations, the causes of action based on the facts

alleged, and a prayer for relief. *See* Fed. R. Civ. P. 8(a) (listing the required elements of a

complaint to include "(1) a short and plain jurisdictional statement, (2) a short and plain statement

of the claim, and (3) an explanation of the relief sought"). The most important difference between

the amended pleading and the original Pro Se Complaint is that Plaintiff now states claims only

for the violation of this First Amendment rights under 42 U.S.C. §1983 and *Monell* liability against

the City of Henderson.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading only with the

opposing party's consent or by leave of court. Because Plaintiff filed the amended pleading without

Defendant's consent or permission from the Court, the Court will treat the filing as a motion to amend.

Rule 15(a)(2) adds that a court "should freely give leave [to amend] when justice so requires." Fed.

R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of the amendment, etc. the leave sought should,
> as the rules require, be "freely given."

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182

(1962)). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits

rather than the technicalities of pleadings." *Herhold v. Green Tree Savings, LLC*, 608 F. App'x 328,

330-31 (6th Cir. 2015) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). The

Sixth Circuit has remarked that "the case law in this Circuit manifests liberality in allowing

amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015).

The Court holds that Plaintiff is not entitled to amend his pleading. Plaintiff's proposed

amended pleading would be futile because it does not cure the defects contained in the original

Pro Se Complaint. Just as with Plaintiff's Pro Se Complaint, the proposed amended pleadings

allege no facts to show that Plaintiff's constitutional rights or any other right was violated.

Plaintiff's theory of the case is that he has a kind of First Amendment immunity from state law

requirements to maintain a state-issued driver's license or register his vehicle with a state-issued

license plate before operating a vehicle on the roads of the State of Tennessee. These propositions

are patently frivolous. Without any plausible allegation that members of the Henderson Police

Department violated his constitutional rights, Plaintiff fails to state a § 1983 claim against the City

itself.

20

Having determined that Plaintiff is not entitled to amend his pleadings, this matter is hereby **DISMISSED**.  The Clerk of Court is directed to enter judgment.

### III.    Appeal Issues

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring).  The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The same considerations that lead the Court to dismiss this case, Plaintiff's failure to state a claim and failure to make specific objections to the report and recommendation, also compel the conclusion that an appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case.  If Plaintiff files a notice of appeal, he must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917.  By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.  If Plaintiff fails to comply with the above assessment of the

appellate filing fee within thirty (30) days[2] of the filing of the notice of appeal or the entry of this

order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the

appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d

at 610.

      **IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date:  July 23, 2025.

---

[2] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

22